IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER CORTINAS,

    Petitioner,                                      No. CIV S-06-1390 DFL CMK P

    vs.

TOM CAREY, et al.,

    Respondent.                                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The state moves to dismiss this petition on the grounds that this petition is untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) (AEDPA). Petitioner has filed an opposition to the state's motion, arguing that he is entitled to equitable tolling.

I.    Statute of Limitations

        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period

///

applies to all federal petitions filed after the effective date of AEDPA.  As this petition was filed on June 22, 2006, AEDPA's statute of limitations applies.  Untimely petitions are barred from federal review.  See 28 U.S.C. § 2244(d).

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See  28 U.S.C. § 2244(d)(1)(A).  Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed.  That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period.  See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).  In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Equitable tolling is "unavailable in most cases."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003).   The burden of demonstrating grounds for equitable tolling rests with the prisoner.  See id.

///

///

///

## II. Discussion

Petitioner was convicted of second degree murder with a knife in 1986, and he was sentenced to sixteen years to life. In his habeas application, petitioner challenges the Board of Prison Terms's September 2000 decision denying him parole. Petitioner's administrative appeal of the Board's decision was denied on June 12, 2001. (Mot. Dismiss, Ex. A.) Therefore, his one-year limitation period began to run on June 13, 2001.

When petitioner filed his superior court petition on January 14, 2002, 215 days of the one-year limitations period had already run. (Mot. Dismiss, Exs. 1 and 2.) There is no dispute that petitioner's state habeas petitions were properly filed. (Mot. Dismiss at 4:14-18.) There is no dispute that petitioner was entitled to interval tolling–that is tolling of the statute of limitations, during the time that he filed his petition in the superior court (January 14, 2002) to the time that the California Supreme Court dismissed his petition for review (October 12, 2005). (Id. at 5.) Petitioner then waited another 252 days, until June 22, 2006[1], to file his federal petition for habeas relief. In other words, even taking into account interval tolling, 467 days elapsed between the date that the Board's decision denying petitioner parole became final (June 12, 2001) and the date the petitioner filed his federal habeas petition (June 22, 2006.) Because more than one year (365 days) elapsed, petitioner's federal habeas petition is barred by the one-year limitations period.

In his December 29, 2006 opposition to the motion to dismiss, petitioner argues that he is entitled to equitable tolling because he did not have access to a law library. Petitioner asserts that on approximately May 15, 2005, he (and all other Mexicans from northern California) was placed on a lockdown at Solano State Prison. Petitioner has attached exhibits which show that the Barrio Defense Committee wrote a letter in May 2005 concerning the

---

[1] The "mailbox rule" does not save petitioner as his proof of service for his federal habeas petition is dated June 14, 2006, only eight days before the petition was actually filed with the court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1  lockdown of Mexican prisoners to the Warden of Solano State Prison and Director Woodford.
2  (Opp'n, Ex. A.)
3       While on lockdown, petitioner had no access to the legal library to research and
4  prepare a federal habeas petition.  Petitioner states in his declaration, which is attached to his
5  opposition, that he assumed that he had one-year to file his federal petition from the date that his
6  remedies were exhausted in state court.  He asserts that he was unaware of how the AEDPA
7  statute of limitations worked.  He further asserts that he was unable to have access to the law
8  library except for November 3, 2006 through November 10, 2006 and then again on December 7,
9  2006 through December 30, 2006.
10       As noted above, equitable tolling is unavailable in most cases and that threshold
11  for triggering such is very high.  See Miles, 187 F.3d at 1107, Miranda v. Castro, 292 F.3d at
12  1063.  Although petitioner asserts that he was unaware of how the one-year statute of limitations
13  worked and that he was denied access to the legal library, these circumstances do not constitute
14  extraordinary circumstances sufficient to warrant equitable tolling.  See Felder v. Johnson, 204
15  F.3d 168, 171-172 & n. 10 (5th Cir. 2000)(petitioner's unawareness of AEDPA filing
16  requirements insufficient to warrant equitable tolling); see also, Raspberry v. Garcia, 448 F.3d
17  1150 (9th Cir. 2006) (stating that although the Ninth Circuit has yet to consider whether a pro se
18  petitioner's ignorance of the law is an extraordinary circumstance, other circuits have held that it
19  is not and stating that "[w]e now join our sister circuits and hold that a pro se petitioner's lack of
20  legal sophistication is not, by itself, an extraordinary circumstance warranting equitable
21  tolling.")
22     The lack of access to library material does not automatically qualify as grounds for
23  equitable tolling.  See  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.) (as amended).  Indeed,
24  in the present case, petitioner avers that he was not allowed access to the library until November
25  3, 2006.  (Opp'n at 7:24-27.)  However, despite having no library access,  he was still able to file
26  his federal petition on June 22, 2006.  (Doc. 1.)

III. <u>Conclusion</u>

While the court is sympathetic to petitioner's situation, it is bound by the AEDPA and by the case law defining "extraordinary circumstances."  The court finds that petitioner is not entitled to equitable tolling because he has not demonstrated that the prison lockdowns and restricted access to the prison library amounted to "extraordinary circumstances" beyond his control preventing him from filing a timely petition.

Accordingly, IT IS RECOMMENDED that respondents' motion to dismiss on the grounds that it was filed beyond the AEDPA's one-year statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>See</u>  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 18, 2007.

                              **CRAIG M. KELLISON**
                              UNITED STATES MAGISTRATE JUDGE